**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ALYSSA DOWLING

     v.                                                            Civil No. 26-cv-391-JL-AJ

ERIC KOMITEE

## REPORT AND RECOMMENDATION

Self-represented Plaintiff Alyssa Dowling, proceeding in forma pauperis, filed a Complaint (Doc. No. 1) against Eric Komitee.  The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  For the reasons that follow, the court recommends that the district judge dismiss the Complaint in its entirety.

## PRELIMINARY REVIEW STANDARD

Federal courts are required to dismiss an action if the court determines that the action fails to state a claim, is frivolous, or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(2).  To determine if a complaint states a claim upon which relief can be granted, the court takes as true the facts asserted in the complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## DISCUSSION

Plaintiff's meager Complaint, which is submitted "under penalty of perjury," alleges, in full:

Claim: Defendant displayed discrimination.
Fact: ERIC KOMITEE failed to show due respect.
Prayer for Relief: WHEREFORE, plaintiff requests the Court to grant relief that is just and proper.  Plaintiff requests a chance to amend the Complaint before the dismissal.

Doc. No. 1, at 1.  Even applying the liberal standard afforded pro se complaints, these bare bones allegations do not satisfy the requirements of Federal Rule of Civil Procedure 8 or state any claim upon which relief can be granted.  See Fed. R. Civ. P. 8 (providing that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."); Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). For this reason, the district judge should dismiss the Complaint.

While generally, the court would recommend that the district judge afford Plaintiff an opportunity to cure the defects in the Complaint, here, dismissal without leave to amend is warranted because this suit appears to be malicious and an abuse of process.  Plaintiff filed the Complaint in this court on May 18, 2026.  See Doc. No. 1.  On May 18 and 19, 2026, Plaintiff filed the same deficient Complaint in more than twenty federal district courts around the country.

Given Plaintiff's filing history and this lawsuit's failure to demonstrate, or even suggest, any connection to New Hampshire, it is clear that Plaintiff's repetitious filings are an abuse of judicial process, rather than legitimate claims against the defendant.  See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915.); accord McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Crisafi v. Holland,

655 F.2d 1305, 1309 (D.C. Cir. 1981). Therefore, dismissal without leave to amend is appropriate.

**CONCLUSION**

For the foregoing reasons, the district judge should dismiss the Complaint (Doc. No. 1) in its entirety.  If the district judge approves this recommendation, the Clerk's Office should enter judgment and close the case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

May 21, 2026

cc:    Alyssa Dowling, pro se